IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02306-BNB

MR. RALPH MERCADO,

      Plaintiff,

v.

MR. R. WILEY, Present Warden,
MR. R. HOOD, Pass [sic] Warden,
MR. J. ZUERCHER, Associat [sic] Warden,
MR. C. CHESTER, Associate Warden,
MR. M. BARBEE, Safety Specialist,
MR. R. BAUER, Health Services Administrator,
MR. CHUCK TURNER, Facilities, Manager,
MR. MARK MASER, Heating Ventilation A/C Foreman,
JOHN DOE #1, Unknown Facilities,
MR. J. WADAS, Correctional Officer,
MS. H. TRAPP, Nurse Practitioner,
MR. R. CURRIN, Correctional Officer,
MR. R. SMITH, Educational Officer,
MR. HARRELL WATTS, Central Office Administrator,
JOHN DOE #2, Unknown, and
UNKNOWN UNITED STATES ATTORNEY GENERAL UNDER THE FEDERAL
      TORT CLAIMS ACT,

      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 5 2006

GREGORY C. LANGHAM
            CLERK

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Ralph Mercado is a prisoner in the custody of the United States Bureau

of Prisons (BOP) who currently is incarcerated at the United States Penitentiary,

Administrative Maximum (ADX), in Florence, Colorado.  Mr. Mercado has filed *pro se* a

civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed.***

***Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), and pursuant

to the Federal Tort Claims Act (FTCA). He seeks declaratory and injunctive relief and money damages.

The Court must construe the complaint liberally because Mr. Mercado is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons stated below, Mr. Mercado will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that shows cause why the complaint should not be dismissed for failure to exhaust the applicable administrative remedies.

The Court has reviewed the complaint and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule
8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading
shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore
the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague,
or unintelligible pleadings violate the requirements of Rule 8.

Mr. Mercado's complaint is unnecessarily long. The complaint does not include
a short and plain statement of his claims showing that he is entitled to relief in this
action. *See* Fed. R. Civ. P. 8(a)(2). The Court has done its best to summarize briefly
the asserted claims. Mr. Mercado, who suffers from asthma, alleges that on March 16,
2004, the hot water heat exchanger in his prison unit was removed and replaced,
causing chemical fumes to be released into his living quarters. He contends that the
fumes caused him to experience trouble breathing, that he pressed his cell panic button
for use in the event of a medical emergency, that he did not receive immediate medical
attention, that he became unconscious, and that he laid unconscious in his cell for four
hours before receiving medical attention.

On the basis of these allegations, he apparently asserts that his constitutional
rights have been violated. He devotes numerous pages to listing chronological events
and to making repetitious allegations that he easily could have stated in only a few
pages, and the complaint still fails to make clear the reason or reasons he is suing each
named Defendant. Rather than summarizing each claim succinctly, Mr. Mercado
apparently expects the Court to sift through his allegations to determine who is being
sued for what and how his constitutional rights have been violated. That is not the
Court's job. It is Mr. Mercado's responsibility to edit and organize his claims and

3

supporting allegations into a manageable format. Neither the Defendants nor the Court is required to do this work for him. Mr. Mercado must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Mercado appears to assert his claims both as *Bivens* and as FTCA claims. He appears to have exhausted his *Bivens* claims through the three-step BOP administrative grievance process, but his allegations concerning his claims and his attempts to exhaust are so verbose that the Court is unable to determine whether he has exhausted each claim. It is not clear whether he has exhausted his claims through the FTCA administrative review process. He alleges that a response to his FTCA claims was due by October 15, 2005, but he fails to attach a copy of the response he received, if any.

To the extent Mr. Mercado is attempting to assert FTCA claims, he should take note that in a FTCA action, the United States is the only proper Defendant. 28 U.S.C. § 2679(d)(1) (1994). To the extent he is attempting to assert *Bivens* claims, Mr. Mercado fails to allege the personal participation of each named Defendant. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053,

1055 (10th Cir. 1993). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). Mr. Mercado may use fictitious names, such as "John and Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Mercado uses fictitious names he must provide sufficient information about each Defendant so that each Defendant can be identified.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Mercado should be given an opportunity to file an amended complaint. He will be directed to do so below.

Mr. Mercado will be ordered to file an amended complaint that states clearly which claim is being asserted pursuant to the FTCA and which claim is being asserted pursuant to *Bivens*. In addition, he will be ordered to state an affirmative link between the alleged constitutional violations and each named Defendant's participation, control or direction, or failure to supervise. Finally, he will be ordered either to attach copies of his efforts to exhaust FTCA and *Bivens* administrative proceedings or describe their disposition with specificity. Accordingly, it is

ORDERED that Mr. Mercado shall **within thirty (30) days from the date of this order** file an amended complaint that complies with the pleading requirements of Rule

8 of the Federal Rules of Civil Procedure and that shows cause why the complaint should not be dismissed for failure to exhaust the applicable administrative remedies.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Mercado, together with a copy of this order, two copies of the following forms for use in filing the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Mercado submit sufficient copies of the amended complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if **within thirty (30) days from the date of this order**, Mr. Mercado fails to comply with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED February 15, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02306-OES

Ralph Mercado
Reg. No. 08745-021
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _2/15/06_

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk